THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE A. WILLIAMS, Appellant. [996 NYS2d 455]—

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered May 30, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that the determination should be modified downward in the interest of justice so as to make him a level one risk. In support of that contention, defendant notes that County Court assessed

30 points against him under risk factor 9 (number and nature of prior crimes) based on an attempted robbery offense for which he was adjudicated a youthful offender. Without those 30 points, defendant would have been a presumptive level one risk. To the extent that defendant contends that the SORA court should have granted him a downward departure, that contention is unpreserved for our review "because defendant never asked the SORA court to order a downward departure" (*People v Gillotti*, 23 NY3d 841, 861 n 5 [2014]; *see People v Johnson*, 11 NY3d 416, 421-422 [2008]; *People v Quinones*, 91 AD3d 1302, 1303 [2012], *lv denied* 19 NY3d 802 [2012]). In any event, as defendant correctly acknowledges, it is well settled that "youthful offender adjudications are to be treated as 'crimes' for purposes of assessing the defendant's likelihood of re-offending and danger to public safety" (*People v Moore*, 1 AD3d 421, 421 [2003], *lv denied* 2 NY3d 743 [2004]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6, 13 [2006]; *People v Wilkins*, 77 AD3d 588, 588 [2010], *lv denied* 16 NY3d 703 [2011]; *People v Irving*, 45 AD3d 1389, 1389-1390, *lv denied* 10 NY3d 703 [2008]). Present—Scudder, P.J., Fahey, Carni, Lindley and Valentino, JJ.