■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRANZEIER, Appellant. [26 NYS3d 708]—Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated April 8, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) based upon his conviction, in Florida, of possession of a sexual performance by a child (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Johnson*, 11 NY3d 416 [2008]; *People v Nethercott*, 119 AD3d 918 [2014]).

The Supreme Court's determination to designate the defendant a level two sex offender was based upon its assessment of a total of 80 points under the risk assessment instrument (*see* Correction Law § 168-k [2]). The court did not upwardly depart to a risk level two. Thus, the defendant's contention that the court erroneously granted an upward departure is without merit.

The defendant's remaining contention, that there was a "compelling basis" for a downward departure, is unpreserved for appellate review (*see People v Johnson*, 11 NY3d at 421; *People v Estrella*, 90 AD3d 879 [2011]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.