Appeals by the defendant from (1) a decision of the Supreme Court, Westchester County (Cacace, J.), dated April 29, 2015, and (2) an order of the same court dated April 28, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the appeal from the decision is dismissed without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the defendant’s contention, the Supreme Court properly assessed 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) following his conviction of promoting an obscene sexual performance by a child (see People v Gillotti, 23 NY3d 841 [2014]; People v Johnson, 11 NY3d 416 [2008]; People v Granzeier, 137 AD3d 989 [2016]).
Further, the Supreme Court properly determined that the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary which tend to establish a higher likelihood of reoffense or danger to the community (see People v Wyatt, 89 AD3d 112, 121 [2011]). Upon making such a determination, the Supreme Court *929 providently exercised its discretion in granting the People’s application for an upward departure (see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 123). Accordingly, the defendant was properly designated a level three sex offender.
Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.