■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
FRANK ROSSANO, Appellant. [35 NYS3d 364]—

Appeal by the defendant from an order of the Supreme Court,
Richmond County (Rienzi, J.), dated September 21, 2012,
which, after a hearing, designated him a level two sex offender
pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disburse-
ments.

The defendant pleaded guilty in federal court to one count of
possession of child pornography in violation of 18 USC § 2252
(a) (4) (B), after he was found in possession of 216 still images
and 35 video clips depicting the rape and sexual abuse of chil-
dren between the ages of 1 and 15 years old. After a hearing
pursuant to the Sex Offender Registration Act (*see* Correction
Law art 6-C [hereinafter SORA]), the Supreme Court deter-
mined that the defendant was a presumptive level two sex of-
fender, and it denied the defendant's request for a downward
departure from that presumptive risk level. Accordingly, the
defendant was designated a level two sex offender. The defend-
ant appeals, and argues that the court should have granted his
application for a downward departure to a risk level one.

"Under SORA, a court must follow three analytical steps to
determine whether or not to order a [downward] departure
from the presumptive risk level" (*People v Gillotti*, 23 NY3d
841, 861 [2014]). "At the first step, the court must decide
whether the . . . mitigating circumstances alleged . . . are, as
a matter of law, of a kind or to a degree not adequately taken
into account by the guidelines" (*id*. at 861; *see* SORA: Risk As-
sessment Guidelines and Commentary at 4 [2006]).

"At the second step, the court must decide whether the [de-
fendant] has adduced sufficient evidence to meet [his or her]
burden of proof in establishing that the alleged . . . mitigating
circumstances actually exist in the case at hand" (*People v Gil-
lotti*, 23 NY3d at 861; *see* SORA: Risk Assessment Guidelines
and Commentary at 4, 7). "[A] defendant must prove the
existence of the mitigating circumstances . . . by a . . .
preponderance of the evidence" (*People v Gillotti*, 23 NY3d at
864).

"If the party applying for a departure surmounts the first
two steps, the law permits a departure, but the court still has
discretion to refuse to depart or to grant a departure. Thus, at
the third step, the court must exercise its discretion by weigh-

ing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.* at 861).

Here, the defendant's remorse and acceptance of responsibility were circumstances that were adequately taken into account under the SORA guidelines (*see* SORA: Risk Assessment Guidelines and Commentary at 15; *People v Torres*, 124 AD3d 744, 745-746 [2015]). Furthermore, although an offender's age upon release and an offender's exceptional response to treatment may qualify as grounds for a downward departure (*see People v Santiago*, 137 AD3d 762 [2016]), the defendant failed to establish the facts in support of these grounds by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 861; *People v Santiago*, 137 AD3d 762 [2016]; *People v Pendleton*, 112 AD3d 600, 601 [2013]; *see also People v Dyson*, 130 AD3d 600, 600-601 [2015]; *People v Torres*, 124 AD3d at 746; *People v Jackson*, 114 AD3d 739, 739-740 [2014]; *People v Roldan*, 111 AD3d 909, 910 [2013]).

Moreover, although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors three and seven may result in an overassessment of a defendant's risk to public safety (*see People v Gillotti*, 23 NY3d at 859-860; *People v Johnson*, 11 NY3d 416, 421 [2008]), a downward departure is not warranted under the circumstances of this case. Significantly, the images possessed by the defendant showed that the children depicted in them were subjected to pain and cruelty (*cf. People v Labrake*, 121 AD3d 1134, 1135-1136 [2014]; *People v Rotunno*, 117 AD3d 1019, 1019 [2014]). Given, among other things, the number and nature of the images possessed by the defendant, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from the presumptive risk level. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.