■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JADE DESTIO, Appellant. [45 NYS3d 487]—

Appeal by the defendant from an order of the County Court, Nassau County (O'Brien, J.), dated August 13, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

By order dated August 13, 2012, the County Court, after a hearing, designated the defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law 6-C). The defendant appeals.

Contrary to the defendant's contention, the hearing court properly assessed 20 points under risk factor 3 and 30 points

under risk factor 5. To the extent the defendant now challenges the assessment of points under risk factor 3 based on a position statement issued by the Board of Examiners of Sex Offenders in 2012, his contention is unpreserved for appellate review, since he did not raise this ground at the hearing (*see People v Fryer*, 101 AD3d 835, 835 [2012]) and, in any event, without merit (*see People v Gillotti*, 23 NY3d 841, 845 [2014]; *People v Brown*, 116 AD3d 1017, 1017 [2014]). Further, the People established, by clear and convincing evidence, that there were two victims. Moreover, the defendant's challenge to the proof supporting the assessment of points under risk factor 5 is unavailing. In assessing points, evidence may be derived from reliable hearsay (*see People v Mingo*, 12 NY3d 563 [2009]; *People v Dash*, 111 AD3d 907, 908-909 [2013]; *People v Crandall*, 90 AD3d 628, 629 [2011]), and information in a presentence investigation report (hereinafter PSI report) may constitute reliable hearsay (*see People v Mingo*, 12 NY3d at 573). Here, the recitation in the PSI report of the information contained in a pediatric expert's report constituted reliable hearsay under the circumstances presented (*see generally People v Mingo*, 12 NY3d at 574).

To the extent the defendant contends that a claimed over-assessment under risk factors 3 and 5 warrants a downward departure, his contention is unpreserved for appellate review, since he did not raise this ground at the hearing (*see People v Figueroa*, 138 AD3d 708, 708 [2016]). In any event, the County Court properly determined that the defendant was not entitled to a downward departure (*see People v Grabowski*, 142 AD3d 697, 698 [2016]; *People v Quinones*, 138 AD3d 1082, 1083 [2016]).

The defendant's remaining contention is without merit. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.