■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LLANGA MORAN, Appellant. [50 NYS3d 502]—Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated September 14, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of possession of child pornography in violation of 18 USC § 2252A (a) (4) (B) and was sentenced to a term of imprisonment plus supervised release. Prior to his release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA) to determine the defendant's risk level designation. The court assessed a total of 80 points against the defendant under risk factors 3 (number of victims—three or more), 5 (age of victim—10 or less), and 7 (relationship with victim—stranger) of the risk assessment instrument and designated him a level two sex offender. The defendant appeals.

At the SORA hearing, the defendant challenged the assessment of points under risk factors 3 and 7. However, the defendant never argued before the Supreme Court that, even if points were assessed under risk factors 3 and 7, he was entitled to a downward departure, and the defendant never presented any mitigating factors to the court. Thus, his contention on appeal that the court should have exercised its discretion by granting him a downward departure is unpreserved for appellate review (*see People v Gillotti*, 23 NY3d 841, 861 n 5 [2014]; *People v Johnson*, 11 NY3d 416, 421-422 [2008]; *People v Broadus*, 142 AD3d 595, 596 [2016]). In any event, the defendant's contention is without merit (*see People v Rossano*, 140 AD3d 1042, 1043 [2016]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.