■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SAKOWSKI, Appellant. [49 NYS3d 913]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated June 30, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court did not err in relying upon a document consisting of excerpts from the defendant's federal presentence report for the instant federal sex offense. In determining the appropriate risk level under SORA, the court "may consider reliable hearsay evidence" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 571 [2009]). "[H]earsay is reliable for SORA purposes—and, therefore, admissible—if, based on the circumstances surrounding the development of the proof, a reasonable person would deem it trustworthy" (*People v Mingo*, 12 NY3d at 574).

The standard set forth in *People v Mingo* was met here (*see id.*). Although an effort was made, through a judicial subpoena, to obtain the federal presentence report, a federal court declined to release the report. The challenged document was created by the United States Department of Probation with knowledge that it would be relied upon by the state court in the SORA proceeding. Further, the People only relied upon this document to establish objective, numerical facts, i.e., the

number and age of the victims. It can be inferred from the nature of these facts, as well as from language in the challenged document, that the relevant facts were taken directly from the presentence report, which itself constitutes reliable hearsay (*see People v Mingo*, 12 NY3d at 573). Under these circumstances, the hearing court properly relied upon the document.

Contrary to the defendant's further contention, he was not entitled to a downward departure from his presumptive risk level. The factors identified by the defendant were either adequately taken into account by the SORA guidelines or did not warrant a departure from the presumptive risk level (*see People v Velasquez*, 145 AD3d 924 [2016]; *see generally People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.