People v Goldman (2017 NY Slip Op 03784)





People v Goldman


2017 NY Slip Op 03784


Decided on May 10, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-03264

[*1]People of State of New York, respondent,
v
Yachskel Goldman, appellant.


Mark M. Baker, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Kron, J.), dated December 7, 2015. The order, upon, in effect, renewal and reargument, adhered to an original determination in an order dated September 25, 2015, made after a hearing, designating the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order dated December 7, 2015, is affirmed, without costs or disbursements.
In July 2015, the defendant pleaded guilty to 3 counts of promoting a sexual performance of a child, and 1,223 counts of possessing a sexual performance of a child, and was sentenced to a term of 10 years' probation. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law article 6-C [hereinafter SORA]), the Supreme Court determined that the defendant was a presumptive level three sex offender based on the defendant's total score on the risk assessment instrument, and denied the defendant's request for a downward departure. Thereafter, the defendant submitted a motion to the court requesting that it reconsider its determination. In support of his motion, the defendant submitted updated reports from his treatment providers stating that the defendant has been able to overcome his desire to view child pornography "to an exceptional degree," and that he was at low risk to reoffend. In the order appealed from, the court, upon, in effect, renewal and reargument, denied the defendant's motion on the ground that, "[n]othing in the new motion changes the correctness of the original SORA assessment, or otherwise warrants a deviation from the original determination."
A downward departure from a sex offender's presumptive risk level generally is only warranted where "there exists . . . [a] mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account" by the SORA Guidelines (SORA Guidelines at 4 [2006]; see People v Gillotti, 23 NY3d 841, 861; People v Marsh, 116 AD3d 680, 681-682). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861). "A sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens [*2]the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (People v Sanchez, 144 AD3d 880, 881 [internal quotation marks omitted]).
Contrary to the defendant's contention, the record does not demonstrate that the Supreme Court failed to consider the materials submitted by the defendant in support of his motion which was, in effect, for leave to renew and reargue his request for a downward departure. The defendant also contends that his exceptional response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level (see SORA Guidelines at 17). To the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level designation, upon examining all of the relevant circumstances, the court providently exercised its discretion in determining that the defendant was not entitled to a downward departure (see People v Sanchez, 144 AD3d 880; People v Rukasov, 132 AD3d 748, 749).
The defendant further argues that the assessment of points under risk factor seven over-assessed his danger to the community such that a downward departure was warranted. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factor seven may result in an overassessment of a defendant's risk to public safety, a downward departure is not warranted under the circumstances of this case (see People v Gillotti, 23 NY3d at 861; People v Johnson, 11 NY3d 416, 421; People v Rossano, 140 AD3d 1042, 1043). Significantly, the defendant was found in possession of more than 1,200 still images and 21 video clips depicting children being raped and sexually abused (cf. People v McCabe, 142 AD3d 1379, 1380-1381; People v Rossano, 140 AD3d at 1043; People v Labrake, 121 AD3d 1134, 1135). In light of, among other things, the number and nature of the images possessed by the defendant, the Supreme Court providently exercised its discretion in determining that a downward departure was not warranted.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court