■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON YOUNG, Appellant. [55 NYS3d 661]—Appeal by the defendant from an order of the Supreme Court, Queens County (Chin-Brandt, J.), dated July 23, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender, based upon the assessment of a total of 80 points on a risk assessment instrument completed by the People, under risk factors three (number of victims), five (age of victims), and seven (victims were strangers).

Contrary to the defendant's contention, the Supreme Court properly assessed the defendant points under risk factors three and seven (*see People v Johnson*, 11 NY3d 416 [2008]; *People v Gillotti*, 23 NY3d 841 [2014]; *People v Reuter*, 140 AD3d 1143 [2016]; *People v Hamilton*, 139 AD3d 928 [2016]; *People v Granzeier*, 137 AD3d 989 [2016]; *People v Morel-Baca*, 127 AD3d 833 [2015]). Further, the court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level (*see People v Moran*, 148 AD3d 1189 [2017]; *People v Rossano*, 140 AD3d 1042, 1043 [2016]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.