Appeal by the defendant from an order of the Supreme Court, Suffolk County (Kahn, J.), dated January 6, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The defendant pleaded guilty to two counts of possessing a sexual performance by a child less than 16 years of age. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court determined that the defendant was a presumptive level two sex offender based on his total score on the risk assessment instrument, and designated him a level two sex offender. On appeal, the defendant contends that the court erred in assessing 20 points under risk factor 7 (relationship with victim), and that the court should have downwardly departed from the presumptive risk level and designated him a level one sex offender.
 

 Contrary to the defendant’s contention, he was properly assessed 20 points under risk factor 7 based upon his conviction of possessing a sexual performance by a child less than 16 years of age in violation of Penal Law § 263.16 (see People v Gillotti, 23 NY3d 841 [2014]; People v Johnson, 11 NY3d 416 [2008]; People v Vansteen, 140 AD3d 721 [2016]; People v Morel-Baca, 127 AD3d 833 [2015]).
 

 The defendant never argued before the Supreme Court that he was entitled to a downward departure, and did not present any mitigating factors to the court. Therefore, his contention on appeal that the court should have granted him a downward departure is unpreserved for appellate review (see People v Moran, 148 AD3d 1189 [2017]; People v Broadus, 142 AD3d 595, 596 [2016]). In any event, the defendant’s contention is without merit (see People v Gillotti, 23 NY3d at 861).
 

 Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.