People v Lima-Sanchez (2018 NY Slip Op 04016)





People v Lima-Sanchez


2018 NY Slip Op 04016


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-03786

[*1]People of State of New York, respondent,
v
Fransis Lima-Sanchez, also known as Fransis Lima, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated February 22, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the County Court's assessment of 20 points under risk factor 7, based on a finding that the victim was a stranger to the defendant. The evidence submitted by the People confirmed the absence of any family relationship between the defendant and the victim, and while the defendant lived next door to the victim and was an acquaintance of the victim's father, the victim's grand jury testimony confirms that the victim herself was a stranger to the defendant (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; compare People v Sooknanan, 119 AD3d 540, and People v Milton, 55 AD3d 1073, with People v Shephard, 101 AD3d 978, and People v McGraw, 24 AD3d 525).
We also agree with the County Court's assessment of 10 points under risk factor 13, based on evidence of a recent Tier III disciplinary violation during the defendant's incarceration (see Guidelines at 16; People v Williams, 100 AD3d 610, 611; People v Mabee, 69 AD3d 820; People v Ealy, 55 AD3d 1313).
The defendant's contention that a downward departure from his presumptive risk level designation should have been granted was never raised before the County Court and, thus, is unpreserved for appellate review (see People v Gillotti, 23 NY3d 841, 861 n 5; People v Moran, 148 AD3d 1189; People v Williams, 122 AD3d 1378). In any event, the contention is without merit.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court