People v Hogan (2018 NY Slip Op 05210)





People v Hogan


2018 NY Slip Op 05210


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-07069

[*1]People of State of New York, respondent,
v
Dennis Hogan, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated June 16, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order, made after a hearing, designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). He contends that the County Court should have granted his application for a downward departure from his presumptive risk level.
To the extent the defendant contends that his age is a mitigating factor warranting a downward departure, his contention is unpreserved for appellate review, because he did not raise that ground at the hearing (see People v Destio, 145 AD3d 1047, 1048; People v Figueroa, 138 AD3d 708, 709). In any event, the defendant failed to demonstrate that his age at the time of the SORA determination resulted in the overassessment of his risk to public safety, and, thus, he did not meet his burden of establishing that this mitigating circumstance actually existed here (see People v Dipilato, 155 AD3d 792, 793; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
Moreover, although the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety in some cases involving offenders who possessed child pornography, under the circumstances of this case, the County Court providently exercised its discretion in denying the defendant's application for a downward departure (see People v Young, 152 AD3d 628, 628; People v Reuter, 140 AD3d 1143, 1143; see also People v Rossano, 140 AD3d 1042, 1043).
Accordingly, we agree with the County Court's determination designating the defendant a level two sex offender.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court