People v Windsor (2018 NY Slip Op 06576)





People v Windsor


2018 NY Slip Op 06576


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-06662
 (Ind. No. 3761/14)

[*1]The People of the State of New York, respondent,
v
Derek Windsor, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, Rebecca L. Visgaitis, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered May 18, 2016, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the first degree upon, among other evidence, the eyewitness testimony of the complainant, a livery cab driver, that after the complainant picked up the defendant and a woman, they robbed him while brandishing an ice pick and hammer, respectively. The pair took a $10 bill that the complainant had thrown to the pavement. They then went to a nearby park. The complainant flagged down a police vehicle almost immediately after the incident, told the police officers that he had just been robbed, and described the perpetrators. The officers soon found the defendant and the woman walking in the park. When the pair saw the officers, the woman dropped the $10 bill on the ground. The officers stopped them. After the complainant identified the defendant and the woman as the people who had robbed him, the officers arrested them. The officers subsequently recovered from inside the park the two weapons allegedly used during the robbery.
Prior to a sentencing hearing, defense counsel received a copy of the presentence report, which contained an impact statement attributed to the complainant that differed from the complainant's trial testimony. The defendant subsequently made a written motion on notice pursuant to CPL 330.30(3) to set aside his conviction on the basis that the unsworn statement attributed to the complainant by a probation officer in the presentence report was newly discovered evidence. The Supreme Court denied the motion without a hearing and sentenced the defendant, as a predicate felon, to a determinate term of imprisonment of 12 years. The defendant appeals, contending that the court erred in denying his motion without a hearing and that the sentence imposed was excessive.
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion pursuant to CPL 330.30(3) to set aside his conviction based on newly discovered evidence. The "power to grant a new trial on the ground of newly discovered evidence is of statutory origin and strict compliance with the statute is necessary" (People v Williams, 134 [*2]AD2d 304, 305; see People v Salemi, 309 NY 208, 215). In support of the defendant's motion, he submitted his attorney's affirmation, to which the attorney attached a copy of the presentence report. However, the presentence report did not satisfy the requirement that the defendant submit sworn allegations in support of his motion (see CPL 330.40[2][a]).
A presentence report does not contain sworn allegations. Indeed, probation officers are directed, in preparing their report, to include "an analysis of as much of the information gathered in the investigation as the agency that conducted the investigation deems relevant to the question of sentence" (CPL 390.30[3][a]). It is not mandated, nor expected, that a presentence report include a verbatim account of the complainant's words. Indeed, some presentence reports do not contain victim impact statements. The presentence report is not sworn to by the probation officer who prepares the report. Accordingly, while a presentence report is deemed generally reliable for sentencing purposes, its information "need not always be credited" and at best constitutes "reliable hearsay" (People v Mingo, 12 NY3d 563, 573 [internal quotation marks omitted]; see People v Sakowski, 149 AD3d 882, 882; People v Destio, 145 AD3d 1047, 1048).
Since the "moving papers [did] not contain sworn allegations of all facts essential to support the motion," the Supreme Court was able to make its determination on the basis of the motion papers and, thus, did not err in failing to hold a hearing (CPL 330.40[2][e][ii]; see People v Gouveia, 88 AD3d 814, 816; People v Gerrara, 88 AD3d 811, 813; People v Gibson, 260 AD2d 399; People v Lopez, 104 AD2d 904, 905).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court