People v Tirado (2018 NY Slip Op 06952)





People v Tirado


2018 NY Slip Op 06952


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-05569

[*1]People of State of New York, respondent,
v David Tirado, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated April 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty in federal court to one count of possession of child pornography in violation of 18 USC § 2252 (a)(4)(B). After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level two sex offender. The defendant appeals, arguing that the court should have granted his application for a downward departure to a level one designation.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Specifically, the defendant contends, among other things, that the assessment of points under risk factors three and seven over-assessed his danger to the community. The Court of Appeals has recognized that the assessment of points under risk factors three and seven may result in an overassessment of an offender's risk to public safety in cases involving child pornography offenses (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d 416, 421; see also People v Goldman, 150 AD3d 905, 906; People v Rossano, 140 AD3d 1042, 1043). However, given, among other things, the number and nature of the images possessed by the defendant, such a departure was not warranted under the circumstances presented (see People v Goldman, 150 AD3d at 906; People v Rossano, 140 AD3d at 1043).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court