People v Schoelermann (2018 NY Slip Op 07339)





People v Schoelermann


2018 NY Slip Op 07339


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-09968

[*1]People of State of New York, respondent,
v
Keith Schoelermann, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 2, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, he was properly assessed 20 points under risk factor 7 of the Risk Assessment Instrument based upon his conviction of possessing a sexual performance by a child in violation of Penal Law § 263.16 (see People v Gillotti, 23 NY3d 841, 859; People v Johnson, 11 NY3d 416; People v Rodriguez, 155 AD3d 899).
Moreover, we agree with the County Court's determination to deny the defendant's application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the assessment of points under risk factor 7 over-assessed his danger to the community. The Court of Appeals has recognized that a downward departure may be warranted in some cases involving child pornography offenders because the required assessment of points under risk factor 7 "may overestimate the risk of reoffense and danger to the public posed by quite a few child pornography offenders" (People v Gillotti, 23 NY3d at 860; see People v Johnson, 11 NY3d 416, 421; see also People v Goldman, 150 AD3d 905, 906; People v Rossano, 140 AD3d 1042, 1043). Here, however, the totality of the circumstances did not indicate that such a departure was warranted (see People v Gillotti, 23 NY3d at 861; People v Vansteen, 140 [*2]AD3d 721).
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court