People v Lorenzo (2018 NY Slip Op 07338)





People v Lorenzo


2018 NY Slip Op 07338


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-06500

[*1]People of State of New York, respondent,
v
George Lorenzo, Jr., appellant. The Legal Aid Society, New York, NY (Rachel L. Pecker of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated April 19, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"In establishing a defendant's risk level under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (People v Benitez, 140 AD3d 1140, 1140; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from reliable hearsay" (People v Destio, 145 AD3d 1047, 1048; see People v Mingo, 12 NY3d 563, 573). Contrary to the defendant's contention, the assessment of 30 points under risk factor 5 was supported by clear and convincing evidence in the record, including the case summary and probation report (see People v Rivera, 111 AD3d 1275, 1276). Moreover, we agree with the Supreme Court's assessment of points under risk factors 3 and 7 (see People v Gilotti, 23 NY3d 841, 861; People v Johnson, 11 NY3d 416, 420-421; People v Young, 152 AD3d 628; People v Guyette, 140 AD3d 1555, 1556).
The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the mitigating circumstances set forth by the defendant either were adequately taken into account by the Guidelines or did not otherwise warrant a downward departure (see People v Martinez, 160 AD3d 781; People v Dipilato, 155 AD3d 792, 793).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court