People v Kaiser (2019 NY Slip Op 00478)





People v Kaiser


2019 NY Slip Op 00478


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04318

[*1]People of State of New York, respondent,
v
John Kaiser, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated March 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the County Court's determination denying the defendant's application for a downward departure from his presumptive risk level designation as a level two sex offender. Under the totality of the circumstances presented here, where the defendant, among other things, possessed thousands of child pornography images on his computer, including images involving sadomasochistic acts and other acts of violence with children as young as infants, a downward departure was not warranted (see People v Cox, 157 AD3d 974, 975; People v Goldman, 150 AD3d 905, 906).
The People correctly contend that the defendant's reliance on his age as a basis for a downward departure is unpreserved for appellate review because he made no such claim at the SORA hearing. In any event, although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 63 years old, would, in and of itself, reduce his risk of reoffending (see People v Munoz, 155 AD3d 1068, 1069).
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court