People v Cartiglia (2019 NY Slip Op 00914)





People v Cartiglia


2019 NY Slip Op 00914


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06119

[*1]People of State of New York, respondent,
v Joel Cartiglia, appellant.


Janet E. Sabel, New York, NY (Andrea Yacka-Bible of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated June 8, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of receipt of child pornography. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was designated a level two sex offender based on the assessment of a total of 80 points on the risk assessment instrument, under risk factors 3 (number of victims), 5 (age of victims), and 7 (victims were strangers).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. One of the factors he relied upon had already been taken into account by the Guidelines (see Guidelines at 7; People v Sakowski, 149 AD3d 882, 883). Furthermore, although an offender's age upon release (see People v Alvarez, 153 AD3d 645; People v Santiago, 137 AD3d 762, 764-765) and an offender's exceptional response to treatment (see People v Washington, 84 AD3d 910, 911) may constitute grounds for a downward departure, the defendant failed to establish the facts in support of these grounds by a preponderance of the evidence (see People v Whitney, 163 AD3d 1013; People v Ramirez, 163 AD3d 1012; People v Rodriguez, 159 AD3d 842; People v Benoit, 145 AD3d 687; People v Rossano, 140 AD3d 1042, 1043).
Finally, although in some cases involving child pornography the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d at 858-860; People v Johnson, 11 NY3d 416, 421), a downward departure is not warranted under the circumstances of this case (see People v Whitney, 163 AD3d at 1014; People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d at 1043). Significantly, the defendant was found in possession of more than 56,000 still images and 19 video clips depicting children being raped and sexually abused (see People v Goldman, 150 AD3d at 907; People v Rossano, 140 AD3d at 1043; People v Labrake, 121 AD3d 1134, 1135). In light of, among other things, the number and nature of the images possessed by the defendant, the Supreme Court providently exercised its discretion in determining that a downward departure was not warranted.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court