People v Mosqueda (2019 NY Slip Op 04210)





People v Mosqueda


2019 NY Slip Op 04210


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08629

[*1]People of State of New York, respondent, 
v
Omar Mosqueda, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Alexandra A. O'Donnell on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered May 24, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise those grounds at the SORA hearing (see People v Hogan, 163 AD3d 728, 728; People v Desito, 145 AD3d 1047, 1048). In any event, the mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or were not proven by a preponderance of the evidence (see People v Alvin, 166 AD3d 1025, 1026; People v Rocano-Quintana, 149 AD3d 1114, 1115; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d 762, 764-765). Accordingly, we agree with the Supreme Court's determination to deny the defendant's application [*2]for a downward departure from his presumptive level three risk designation.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court