People v Waldman (2019 NY Slip Op 09311)





People v Waldman


2019 NY Slip Op 09311


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-03342

[*1]People of State of New York, respondent,
v
Samuel Waldman, appellant. Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 8, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of possession of child pornography (18 USC 2252A[a][5][B]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender, based upon the assessment of a total of 80 points on a risk assessment instrument completed by the People, assessing 30 points under risk factors 3 (number of victims), 30 points under risk factor 5 (age of victims), and 20 points under risk factor 7 (victims were strangers).
We agree with the Supreme Court's determination to assess the defendant points under risk factors 3 and 7 (see People v Gillotti, 23 NY3d 841; People v Johnson, 11 NY3d 416; People v Young, 152 AD3d 628; People v Reuter, 140 AD3d 1143). Further, the court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level (see People v Young, 152 AD3d at 628; People v Moran, 148 AD3d 1189; see generally People v Gillotti, 23 NY3d at 861).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender pursuant to Correction Law article 6-C.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court