People v Martin (2020 NY Slip Op 01199)





People v Martin


2020 NY Slip Op 01199


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-06286

[*1]People of State of New York, respondent, 
v
Arto Martin, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel) for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated May 23, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "At that point, the SORA court may exercise its discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128).
The defendant contends that the assessment of points under risk factors three and seven overassessed his danger to the community such that a downward departure was warranted. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors three and seven may result in an overassessment of a defendant's risk to public safety, a downward departure is not warranted under the circumstances of this case (see People v Gillotti, 23 NY3d at 861; People v Young, 152 AD3d 628; People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043). Although the defendant identified additional factors, including his employment history and the support of his family, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861; see People v Hamdam, 178 AD3d 1098, 1099).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level two sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court