People v Serrano (2020 NY Slip Op 04681)





People v Serrano


2020 NY Slip Op 04681


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


452 KA 19-01732

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HECTOR SERRANO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered June 18, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, County Court did not err in denying his request for a downward departure from his presumptive risk level. Even assuming, arguendo, that defendant met his burden of establishing the existence of an appropriate mitigating factor by a preponderance of the evidence, we conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (see People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]; see also People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]). We reject defendant's related contention that the court erred in denying his request for a downward departure because the assessment of points under risk factors 3 and 7 resulted in an "inflated" score on his risk assessment instrument (see People v Tirado, 165 AD3d 991, 992 [2d Dept 2018], lv denied 32 NY3d 914 [2019]; People v Goldman, 150 AD3d 905, 907 [2d Dept 2017]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court