People v Griffin (2020 NY Slip Op 05362)





People v Griffin


2020 NY Slip Op 05362


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


591 KA 19-01781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TROY GRIFFIN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), entered June 12, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that Supreme Court erred in refusing to grant him a downward departure from the presumptive risk level. Even assuming, arguendo, that defendant's contention is preserved despite the fact that he never expressly asked for a downward departure (cf. People v Wright, 158 AD3d 1062, 1063 [4th Dept 2018], lv denied 31 NY3d 905 [2018]; People v Williams, 122 AD3d 1378, 1379 [4th Dept 2014]), we conclude that defendant failed to establish the existence of a mitigating factor by the requisite "preponderance of the evidence" (People v Gillotti, 23 NY3d 841, 861 [2014]).
"Although 'advanced age' may constitute a basis for a downward departure[,] . . . defendant failed to demonstrate that his age at the time of the SORA hearing, [55] years old, would, in and of itself, reduce his risk of reoffense" (People v Munoz, 155 AD3d 1068, 1069 [2d Dept 2017], lv denied 30 NY3d 912 [2018]; see People v Johnson, 120 AD3d 1542, 1542 [4th Dept 2014], lv denied 24 NY3d 910 [2014]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]). Defendant "failed to present any expert testimony or other evidence that would have permitted the SORA court to find that his [age alone or combined with the length of his supervision] decrease[d] the likelihood that he will reoffend" (People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; see People v Santiago, 137 AD3d 762, 764-765 [2d Dept 2016], lv denied 27 NY3d 907 [2016]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court