## (November 3, 1983)

■ In the Matter of LORRAINE MCAULIFFE et al., Appellants, v FRANCIS J. SENN et al., Respondents. (Proceeding No. 1.) In the Matter of MICHAEL J. WALKER, SR., et al., Appellants, v SANDRA LE FEVER et al., Respondents. (Proceeding No. 2.) — In consolidated proceedings to cancel the enrollments of certain members of the Right to Life Party, to invalidate the nominating certificate filed on behalf of certain purported candidates of the Right to Life Party, and to declare that Philip J. Rotella is the valid candidate of the Right to Life Party for the public office of Supervisor of the Town of Haverstraw, petitioners appeal from an order of the Supreme Court, Rockland County (Dickinson, J.), dated October 13, 1983, which ordered a hearing, and from a judgment of the same court (Stolarik, J.), dated October 24, 1983, which dismissed the proceedings. Appeal from the order dismissed, without costs or disbursements (see *Bagdy v Progresso Foods Corp.*, 86 AD2d 589). Judgment modified, on the law, by granting the petitions to the extent that so much of the nominating certificate as named Francis J. Senn, William Mennenga and George Torres as candidates of the Right to Life Party is invalidated and the board of elections is directed to remove their names from the appropriate ballot. As so modified, judgment affirmed, without costs or disbursements. The proceeding to cancel the enrollments of Arlene Y. Green, Margaret J. O'Neil, Kathleen L. Meade, Timothy P. Meade, Elizabeth A. Pedersen and Roy Pedersen in the Right to Life Party was not timely commenced. Subdivision 2 of section 16-110 of the Election Law provides: "The chairman of the county committee of a party with which a voter is enrolled in such county, may, upon written complaint by an enrolled member of such party in such county and after a hearing held by him or by a sub-committee appointed by him upon at least two days' notice to the voter, personally or by mail, determine that the voter is not in sympathy with the principles of such party. The Supreme Court or a justice thereof within the judicial district, in a proceeding instituted by a duly enrolled voter of the party at least ten days before a primary election, shall direct the enrollment of such voter to be cancelled if it appears from the proceedings before such chairman or subcommittee, and other proofs, if any, presented, that such determination is just". Whether the statute is construed as fixing the date of the primary as the point of reference for determination of the timeliness of a petition, or whether it stands generally for the proposition that a voter's enrollment in a party must be challenged 10 days before the party selects its candidates is of no import to this appeal since the proceeding was commenced on October 5, 1983, both after the primary election, and after the Right to Life Party caucus on September 20, 1983. In a second proceeding,

which was timely commenced, petitioners sought to invalidate the nominating certificate filed on behalf of each of the respondent candidates on the ground that they did not have a "Right to Life Party questionnaire on file at the time they were purported to be nominated at the caucus", in violation of the rules and regulations of the Right to Life Party. Respondent Nardiello has declined the nomination of the Right to Life Party; therefore, this proceeding is moot as to him. Likewise, respondent Green was removed from the ballot for other reasons. Respondent O'Neil is a member of the Right to Life Party and executed a statement at the caucus in support of Right to Life principles. As to the remaining respondents, Senn, Mennenga and Torres, we note that the Right to Life Party rules require: "Art. II Section 2. No person, after admission to membership in the Right to Life Party, may remain a member of the Right to Life Party, hold any office or party position in the Right to Life Party, or receive a nomination of the Right to Life Party for public office or party position, who does not subscribe to the principal purposes of the Right to Life Party immediately hereinabove set forth. No person who is not a member of the Right to Life Party shall receive the nomination of the Right to Life Party for any public office (nor shall any waiver be made of the requirement that a nominee be an enrolled member of the Right to Life Party) unless said person shall subscribe to the principal purposes of the Right to Life Party immediately hereinabove set forth." The duly adopted rules of a political party should be given effect absent a statutory direction to the contrary (*Matter of Kahler v McNab,* 48 NY2d 625; *Matter of Yevoli v Cristenfeld,* 29 NY2d 591). Respondents Senn, Mennenga and Torres failed to make a subscription to the "purposes of the Right to Life Party". Accordingly, they have failed to satisfy the party's requirements for nomination, and they should be removed from the Right to Life Party line. The questionnaires referred to by our colleague were not admitted in evidence at the hearing held at Special Term, nor were the signatures thereon authenticated. Therefore these questionnaires are dehors the record. Titone, J. P., O'Connor and Rubin, JJ., concur.

Weinstein, J., concurs in part and dissents in part, with the following memorandum: I agree with my colleagues that the proceeding to cancel Arlene Y. Green, Margaret J. O'Neil, Kathleen L. Meade, Timothy P. Meade, Elizabeth A. Pedersen and Roy Pedersen's enrollments in the Right to Life Party was not timely commenced. I also agree with so much of their determination as leaves respondent O'Neil on the ballot on the Right to Life Party line. However, I cannot join in their conclusion that respondents Senn, Mennenga, and Torres failed to subscribe to the principles of the Right to Life Party. At the hearing, their attorney produced questionnaires signed by them, stating in categorical terms that they support the principles of the Right to Life Party. Petitioners' attorney's objection to the admission of these documents in evidence was sustained since no one was present who could authenticate the signatures. Although the court's evidentiary ruling was undoubtedly correct, in my view, petitioners' objection to the introduction of the questionnaires was not made in good faith. Petitioner Bruno testified that he had no particular objection to the nomination of Senn, Mennenga and Torres if they supported the principles of the Right to Life Party. Indeed, no evidence was presented tending to show that these three respondents do not, in fact, support the principles of that party. The fact that petitioners were not aware of the existence of these questionnaires until the hearing is not particularly surprising in view of the relatively short period of time between the caucus and the commencement of these proceedings, evidencing hostility on the part of petitioners towards these three respondents. Petitioners' refusal to accept those questionnaires, in the absence of any indication that they were fraudulent, belies their claim that their only objection to these respondents' nomination is

that their sympathy with the Right to Life Party is questionable. Accordingly, I would affirm.