■ In the Matter of JULIET C., Appellant, v GERALD B., Respondent. [608 NYS2d 215] —Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about December 15, 1992, which dismissed appellant's paternity petition, unanimously reversed, on the law, without costs, the petition is reinstated, and the matter is remanded for trial.

Petitioner Juliet C. gave birth to the subject infant on August 8, 1990 and commenced a paternity proceeding pursuant to article 5 of the Family Court Act alleging that from July 1989 until the child was born she had engaged in sexual relations only with respondent Gerald B., the putative father. A human leucocyte antigen (HLA) test was ordered by the court, and the results purported to exclude respondent as the father.

When the parties appeared for trial, neither petitioner nor respondent were sworn or gave testimony. The court merely noted for the record that the blood test excluded respondent as the father, and declared "petition dismissed." Petitioner and respondent stated that they didn't understand what was happening, whereupon the court told respondent that "[y]ou are not the father." Petitioner requested that another blood test be conducted because the test was "not accurate," but the court merely reiterated: "The blood test show[s] that paternity is excluded." A court officer then told the parties to leave the court.

While HLA tests are highly accurate, they are not conclusive on the issue of paternity (Matter of Commissioner of Social Servs. v Kenneth L., 188 AD2d 1080, 1082; Matter of Laura U. v Mark V., 156 AD2d 836, 837). Family Court Act § 531 provides for a trial by the court in a paternity proceeding. Family Court Act § 532 (a) provides that "[t]he court shall advise the parties of their right to one or more blood genetic

marker tests * * *. Except in cases where exclusion has been established by another blood genetic marker test, the laboratory and statistical results of the human leucocyte blood tissue test * * * may be received in evidence to aid in the determination of whether the alleged father is or is not the father of the child." There is no provision permitting dismissal of a paternity proceeding based on the results of an HLA test until after the results are received in evidence at trial *(Matter of Burns v Craven,* 192 AD2d 1130). Since petitioner was denied her right to a trial, the order dismissing her petition to establish paternity must be reversed. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.