■ In the Matter of DONALD I., Appellant, v TERESA K., Respondent. [634 NYS2d 255] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered June 20, 1994, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate petitioner as the father of a child born to respondent.

Petitioner, an inmate at a State correctional facility, commenced this proceeding to obtain an order of filiation regarding a child born to respondent on September 30, 1990. Notwithstanding respondent's opposition to such order at the parties' first appearance before Family Court, blood tests were ordered. At their next appearance before Family Court, the court discussed with the parties and their counsel the results of the tests. During a colloquy between petitioner and the court, it was explained to petitioner that both the HLA and DNA test results showed scientifically that he could not be the father. Petitioner disagreed with such results, vowed to "fight it" and even advised that he would file an appeal should the court dismiss the petition. Counsel for the Department of Social Services requested a dismissal of the petition as a result of the blood grouping tests, which was granted by the court. This appeal by petitioner ensued.

We find that there must be a reversal since Family Court erred in dismissing the petition solely on the basis of the results of blood grouping tests. While Family Court Act § 532 permits the results of blood grouping tests to be received in evidence, such evidence must be admitted in the context of a fact-finding hearing. Here, despite petitioner's protestations, no hearing was conducted (*see, Matter of Juliet C. v Gerald B.,* 202 AD2d 196; *Matter of Burns v Craven,* 192 AD2d 1130). Clearly, "petitioner's task of attacking the accuracy of both the HLA and DNA tests, and of establishing [his] paternity * * * by clear and convincing evidence, will surely be monumental. Yet, [while] the task is formidable, a hearing should not [have been] precluded" (*Matter of L. I. v E. T. R.,* 155 Misc 2d 74, 79).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and mat-

ter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.