■ In the Matter of LIDUVINA F., Appellant, v ORLANDO A. M., Respondent. [743 NYS2d 718] —Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about October 19, 2000, dismissing this paternity proceeding, unanimously affirmed, without costs.

We reject petitioner's claim that she was not "in any realistic sense" afforded the hearing to which she was entitled under Family Court Act § 531. The record shows that a hearing was scheduled at which respondent did not appear and petitioner appeared without an attorney; that petitioner testified that she had sexual relations only with respondent during the relevant period of time; and that after giving petitioner an opportunity to challenge blood test results excluding respondent's paternity as a virtual certainty, Family Court admitted the test results into evidence and dismissed the petition (*compare*, *Matter of Juliet C. v Gerald B.*, 202 AD2d 196; *Matter of Donald I. v Teresa K.*, 221 AD2d 862). Whether petitioner's testimony was "clear and convincing" and "entirely satisfactory" to create "a

genuine belief" of respondent's paternity (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141-142), notwithstanding the blood test results, is essentially an issue of credibility and we perceive no reason to disturb Family Court's resolution. Nor did Family Court improperly refuse petitioner a second blood test, where the only reason she gave for suspecting the test results was that her and the child's blood was taken in New York while respondent's blood was taken in Georgia where some unspecified mistake must have been made (*compare, Matter of Shepherd v Skeete*, 169 AD2d 626; *cf., Commissioner of Social Servs. v Jean-Claude B.*, 137 Misc 2d 612, 613-614, explaining *Matter of Leromain v Venduro*, 114 AD2d 634). Concur—Saxe J.P., Sullivan, Lerner, Rubin and Friedman, JJ.