■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL STEVENS, Appellant. [867 NYS2d 108]—

Appeal by the defendant from an order of the Supreme Court, Suffolk County (Mullen, J.), dated September 20, 2006, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki*

(3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.

In 1990, the defendant pleaded guilty to one count of attempted rape in the first degree and was sentenced to an indeterminate term of 1½ to 4½ years imprisonment. The defendant was paroled in 1993, but subsequently pleaded guilty to burglary and was reincarcerated until 1996. At his initial hearing in 1996, he was designated a level three sex offender.

On August 28, 2006, pursuant to the settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), the defendant appeared with counsel for a hearing to redetermine his sex offender risk level. The People submitted the original risk assessment instrument (hereinafter the RAI) prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), which assessed the defendant 110 points, presumptively placing him in the category of a level three sex offender. After the hearing, the Court determined that all the points were correctly assessed, denied the defendant's request for a downward departure due to his debilitating illness, and again designated him a level three sex offender.

On appeal, the defendant argues that the Supreme Court erred in assessing him points for risk factors 6 and 11 and in denying his request for a downward departure based upon his debilitating illness. Since the evidence at the hearing failed to demonstrate any abuse of alcohol or drugs, we agree that the Supreme Court erred in assessing the defendant 15 points for risk factor 11. Moreover, we agree that the Supreme Court improperly denied the defendant's request for a downward departure due to his debilitating illness.

"Although utilization of the RAI will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]), a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record. A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk

level" (*People v Abdullah*, 31 AD3d 515, 516 [2006] [citations omitted]).

Here, there is such evidence. The uncontroverted proof at the hearing demonstrated that the defendant now suffers from a debilitating illness which confines him to a wheelchair. He cannot even use a cane. To a reasonable degree of medical certainty, the proof shows that the defendant's neurological disease is progressive, and the likelihood of any reversal in the progression of the disease is unlikely. Both the defendant and his home healthcare nurse testified as to his inability to do even simple things such as cook or take a shower without assistance. Furthermore, the defendant also testified without contradiction that his ability to experience sexual gratification is impaired by his illness. This mitigating factor was not taken into account by either the Commentary to the Guidelines on the individual risk factors or the RAI. It was also not given sufficient consideration by the court (*see People v Abdullah*, 31 AD3d at 516; *cf. People v Jordan*, 48 AD3d 535 [2008]; *People v Adams*, 44 AD3d 1020 [2007]; *People v Inghilleri*, 21 AD3d 404 [2005]). Under these circumstances, the defendant poses no significant risk to the community, as he is physically incapable of taking any physical action to pursue sexual desires.

We note that since his release from prison in 1996, the defendant has not been convicted of any subsequent crimes, nor even charged with a sex offense. Taking into account the new tally of the defendant's score at 95 points, which places him in the range of a level two designation, we find that, under the facts of this case, it was an improvident exercise of the court's discretion to deny the defendant a downward departure from the presumptive risk level, and the defendant should be designated a level one sex offender (*see People v Abdullah*, 31 AD3d 515 [2006]). We reach our conclusion not based on the defendant's plight, but on the mandates of the law, which require the court to assess the potential risk each defendant poses to the community. The defendant's medical condition greatly diminishes the risk that he poses.

The defendant's remaining contention is without merit. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.