■ In the Matter of PHILIP K., Appellant, v THERVEY B., Respondent. [870 NYS2d 388]—

782

The petitioner commenced the instant paternity proceeding pursuant to Family Court Act article 5, alleging that he is the father of the subject child, who was born to the respondent. A "Genetic Test" was directed by the Family Court. The alleged results thereof, which were contained in a report, excluded the petitioner as the father.

At a subsequent court proceeding, the Family Court dismissed the petition with prejudice, based solely upon the aforementioned genetic test report. The petitioner stated that he "believe[d]" that the report was not "complete." The court, however, stated that the report was "certified by a lab" and reiterated that the petition was dismissed with prejudice.

The Family Court erred in dismissing the instant petition solely upon the basis of the genetic test report (see Matter of Donald I. v Teresa K., 221 AD2d 862 [1995]; Matter of Juliet C. v Gerald B., 202 AD2d 196 [1994]; Matter of Burns v Craven, 192 AD2d 1130 [1993]). This report was not admitted into evidence (compare Matter of Liduvina F. v Orlando A.M., 295 AD2d 234 [2002]). Family Court Act § 531 provides for a trial "by the court without a jury" in a paternity proceeding. The petitioner should have been afforded an opportunity to present evidence at a trial, including any evidence relating to the Genetic Test report. Accordingly, we remit the matter to the Family Court, Richmond County, for a trial and a new determination of the petition thereafter. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.