■ The People of the State of New York, Respondent, v Efrain Santiago, Appellant. [26 NYS3d 339]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Ozzi, J.), dated November 7, 2012, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, after a jury trial, of rape in the first degree, attempted rape in the first degree, and endangering the welfare of a child. Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) completed a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art

6-C [hereinafter SORA]). The Board determined that the defendant was a presumptive level three (high risk) sexually violent offender. The defendant did not challenge the assessment of points under any of the risk factors. However, the defendant made an application for a downward departure from the presumptive risk level. The Supreme Court denied the defendant's application for a downward departure and designated him a level three sexually violent offender.

"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (*People v Gillotti*, 23 NY3d 841, 861 [2014]). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] guidelines" (*id.* at 861; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter SORA Guidelines] at 4 [2006]).

"At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (*People v Gillotti*, 23 NY3d at 861; *see* SORA Guidelines at 4, 7). "[T]he People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (*People v Gillotti*, 23 NY3d at 862). By contrast, "a defendant must prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" (*id.* at 864).

"If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*id.* at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.*).

Here, contrary to the defendant's contention, the Supreme Court did not fail to apply the correct burden of proof when it considered his application for a downward departure. Although the record reflects that the court initially evaluated the defendant's application under the "clear and convincing evidence" standard applicable to requests by the People for an upward

departure (*id.* at 862), the record demonstrates that the court ultimately considered the defendant's application under the lower "preponderance of the evidence" standard that is applicable to a defendant's request for a downward departure (*id.* at 864; *cf. People v Bowden*, 88 AD3d 972, 973 [2011]).

Contrary to the defendant's further contention, he failed to sustain his burden of proof in support of his application for a downward departure. Most of the circumstances cited by the defendant in support of his application were adequately taken into account under the SORA guidelines, including his release environment (*see* SORA Guidelines at 17-18), and his remorse and acceptance of responsibility (*see id.* at 15; *People v Torres*, 124 AD3d 744, 745-746 [2015]). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [SORA] guidelines" (*People v Gillotti*, 23 NY3d at 861; *see People v Valdez*, 123 AD3d 785, 786 [2014]). In any event, the defendant failed to demonstrate by a preponderance of the evidence that these circumstances "resulted in the over-assessment of his risk to public safety" (*People v Wyatt*, 89 AD3d 112, 129 [2011]).

The defendant also contends that his exceptional response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see* SORA Guidelines at 17; *People v Washington*, 84 AD3d 910, 910-911 [2011]), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 861; *People v Pendleton*, 112 AD3d 600, 601 [2013]). The defendant's submissions established that he successfully completed sex offender treatment and included evaluations demonstrating his progress in understanding his crimes. However, the evidence relied upon by the defendant did not show that the defendant's response to treatment was "exceptional" (SORA Guidelines at 17; *see People v Dyson*, 130 AD3d 600, 600-601 [2015]; *People v Torres*, 124 AD3d at 745; *People v Jackson*, 114 AD3d 739, 739-740 [2014]; *People v Pendleton*, 112 AD3d at 601; *People v Roldan*, 111 AD3d 909, 910 [2013]; *People v Martinez*, 104 AD3d 924, 924-925 [2013]; *People v Peeples*, 98 AD3d 491, 491-492 [2012]; *People v Watson*, 95 AD3d 978, 979 [2012]).

Finally, the defendant contends that his age upon release is a mitigating factor warranting a downward departure. Al-

though "advanced age" may constitute a basis for a downward departure (SORA Guidelines at 5; *accord People v Torres*, 124 AD3d at 746), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 861). On appeal, the defendant quotes excerpts of certain published works and scientific studies in support of his general position that age is negatively correlated with rates of sex offender recidivism. However, these materials were not admitted into evidence or otherwise submitted to the Supreme Court at the SORA hearing (*cf.* Jerome Prince, Richardson on Evidence § 7-311 at 475-477 [Farrell 11th ed 1995]). Accordingly, as the People correctly contend, these materials constitute matter dehors the record and the defendant may not rely upon them to sustain his evidentiary burden (*see People v Fitzpatrick*, 120 AD3d 565, 565 [2014]; *see also Matter of Philip K. v Thervey B.*, 57 AD3d 781, 782 [2008]; *Matter of McAuliffe v Senn*, 97 AD2d 745, 746 [1983]). Since the materials submitted by the defendant in support of his application failed to demonstrate that his age at the time of the SORA determination, 42 years old, "resulted in the over-assessment of his risk to public safety" (*People v Wyatt*, 89 AD3d at 129), he failed to adduce sufficient evidence to meet his burden of proof in establishing that this "mitigating circumstance[ ] actually exist[ed] in the case at hand" (*People v Gillotti*, 23 NY3d at 861).

Inasmuch as the mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or were not proven by a preponderance of the evidence, the Supreme Court lacked the discretion to downwardly depart from the presumptive risk level (*see id.* at 861; *People v Wyatt*, 89 AD3d at 128). Accordingly, the Supreme Court properly denied the defendant's application for a downward departure. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.