■ The People of the State of New York, Respondent, v Laurent Benoit, Appellant. [43 NYS3d 406]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated March 8, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant "seeking a [downward] departure from the presumptive risk level . . . must first identify a mitigating circumstance or circumstances 'of a kind or to a degree not

adequately taken into account by the guidelines' " (*People v Torres*, 124 AD3d 744, 745 [2015], quoting *People v Gillotti*, 23 NY3d 841, 861 [2014]). "The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case" (*People v Torres*, 124 AD3d at 745). "If the defendant makes that twofold showing, the court must determine whether the presumptive risk level overassesses the danger presented by the defendant and the risk of reoffense and, thus, whether a downward departure is warranted" (*id.* at 745; *see People v Gillotti*, 23 NY3d at 861).

Here, the defendant's remorse and acceptance of responsibility, appropriate living situation upon release, and relationship with the victims were circumstances that were adequately taken into account under the SORA guidelines (*see People v Alemany*, 13 NY3d 424 [2009]; *People v Rossano*, 140 AD3d 1042, 1043 [2016]; *People v Torres*, 124 AD3d at 745-746; *People v Blackman*, 78 AD3d 803 [2010]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12, 15, 17-18 [2006]). Accordingly, to the extent that the defendant relied upon these factors, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [SORA] guidelines" (*People v Gillotti*, 23 NY3d at 861).

Although advanced age and debilitating illness may constitute a basis for a downward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Santiago*, 137 AD3d 762, 765 [2016]; *People v Torres*, 124 AD3d at 746; *People v Stevens*, 55 AD3d 892, 893 [2008]), the Supreme Court providently exercised its discretion in determining that the defendant's age of 73 and purported health conditions did not result in the overassessment of the defendant's risk to public safety given, inter alia, that the defendant committed some of the subject offenses when he was 61 years old, that the defendant did not appear at the SORA hearing to testify as to his alleged impairments, and that the defendant did not proffer medical evidence supporting his application (*see People v Torres*, 124 AD3d at 746; *People v Lucius*, 122 AD3d 819 [2014]; *People v Grubbs*, 107 AD3d 771, 773 [2013]; *cf. People v Stevens*, 55 AD3d 892 [2008]).

Accordingly, the defendant was properly designated a level two sex offender. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.