People v Whitney (2019 NY Slip Op 00155)





People v Whitney


2019 NY Slip Op 00155


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-06021 ON MOTION

[*1]People of State of New York, respondent,
v
Kevin C. Whitney, appellant. DECISION & ORDER Motion by the defendant for leave to reargue an appeal from an order of the Supreme Court, Queens County, dated May 15, 2017, which was determined by decision and order of this Court dated July 25, 2018. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted and, upon reargument, the decision and order of this Court dated July 25, 2018 (see People v Whitney, 163 AD3d 1013), is recalled and vacated, and the following decision and order is substituted therefor:

Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel; Victoria Randall on the brief), for respondent.
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated May 15, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the defendant was designated a level two sex offender based on the assessment of a total of 80 points on a risk assessment instrument completed by the People, under risk factors 3 (number of victims), 5 (age of victims), and 7 (victims were strangers).
The defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. A number of the factors he relied upon had already been taken into account by the SORA guidelines (see SORA: Risk Assessment Guidelines and Commentary [2006]; People v Santiago, 137 AD3d 762, 764).
Further, the defendant failed to demonstrate by a preponderance of the evidence that he exhibited an exceptional response to sex offender treatment warranting a downward departure from the presumptive risk level (see People v Santiago, 137 AD3d at 764; People v Dyson, 130 AD3d 600, 600-601; People v Torres, 124 AD3d 744, 746; People v Jackson, 114 AD3d 739, 739-[*2]740). In addition, the studies relied upon by the defendant failed to demonstrate by a preponderance of the evidence that his age, 43 years old at the time of his SORA hearing, constituted a basis for a downward departure (see People v Shelton, 126 AD3d 959, 959-960).
Finally, although in some cases involving child pornography the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d 841, 858-860; People v Johnson, 11 NY3d 416, 421), a downward departure is not warranted under the circumstances of this case (see People v Young, 152 AD3d 628; People v Rossano, 140 AD3d 1042, 1043).
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from the presumptive risk level.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court