People v Wallason (2019 NY Slip Op 00917)





People v Wallason


2019 NY Slip Op 00917


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-03974

[*1]People of State of New York, respondent,
v
John Wallason, appellant.


Janet E. Sabel, New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 29, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although debilitating illness and advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d 762, 765), we agree with the Supreme Court's determination that the defendant's age of 67 and purported health conditions did not result in the overassessment of the defendant's risk to public safety. The defendant's disciplinary record while incarcerated demonstrated that he committed numerous Tier III violations, including one at age 60 which involved sexual misconduct. Furthermore, the defendant did not testify as to his alleged impairments, nor did he proffer any medical evidence supporting his application (see People v Benoit, 145 AD3d at 688; People v Torres, 124 AD3d 744, 746; People v Grubbs, 107 AD3d 771, 773; cf. People v Stevens, 55 AD3d 892, 867).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court