People v Sawyer (2019 NY Slip Op 01112)





People v Sawyer


2019 NY Slip Op 01112


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-04421

[*1]People of State of New York, respondent,
v
Robert Darnell Sawyer, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Robert J. Adler on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene R. Lopez, J.), dated March 20, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. Although an offender's "advanced age" upon release (Guidelines at 5; see People v Santiago, 137 AD3d 762, 764-765; People v Torres, 124 AD3d 744, 746) and an offender's exceptional response to treatment may qualify as grounds for a downward departure (see People v Santiago, 137 AD3d at 764; People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of these grounds by a preponderance of the evidence (see People v Whitney, ___ AD3d ___, 2019 NY Slip Op 00155 [2d Dept 2019]; People v Ramirez, 163 AD3d 1012; People v Morris, 161 AD3d 1111; People v Rodriguez, 159 AD3d 842; People v Tromba, 157 AD3d 915; People v Santiago, 137 AD3d 762). Moreover, the remaining factors on which the defendant relied, including his remorse, participation in educational and vocational programs, and release environment, had already been taken into account by the Guidelines (see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806; People v Santiago, 137 AD3d 762; People v Torres, 124 AD3d 744).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive designation as a level two sex offender.
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court