People v Hicks (2019 NY Slip Op 03829)





People v Hicks


2019 NY Slip Op 03829


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-08713

[*1]People of State of New York, respondent,
v
Timothy L. Hicks, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.


Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered June 25, 2018, which, after a hearing, designated him level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level three sex offender based on the assessment of a total of 155 points on the risk assessment instrument (hereinafter RAI).
Contrary to the defendant's contention, the People established the acts supporting the scoring of the RAI by clear and convincing evidence (see Correction Law § 168-n[3]; People v Sincerbeaux, 27 NY3d 683). Furthermore, even if the defendant's request to reduce his score by 35 points were granted, he would still be a presumptive level three sex offender.
We agree with the County Court's determination to deny the defendant's request for a downward departure from his presumptive risk level designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128, 931; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
While the defendant claimed that there were multiple mitigating circumstances warranting a downward departure, he either failed to demonstrate that these mitigating circumstances were " of a kind or to a degree not adequately taken into account by the guidelines'" (People v [*2]Benoit, 145 AD3d 687, 687-688, quoting People v Torres, 124 AD3d 744, 745; see People v Jordan, 161 AD3d 1110, 1110), or he "failed to demonstrate by a preponderance of the evidence that these circumstances resulted in the over-assessment of his risk to public safety'" (People v Santiago, 137 AD3d 762, 764, quoting People v Wyatt, 89 AD3d at 129; see People v Jordan, 161 AD3d at 1110).
Accordingly, we agree with the County Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court