People v Dolan (2020 NY Slip Op 06296)





People v Dolan


2020 NY Slip Op 06296


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-10815

[*1]People of State of New York, respondent,
v
Rory Dolan, appellant.


Steven A. Feldman, Manhasset, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated July 18, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1995, the defendant was convicted, upon a jury verdict, of, inter alia, two counts of rape in the first degree and two counts of sexual abuse in the first degree. He was sentenced to an indeterminate term of imprisonment of 20 to 40 years. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 115 points and designated him a level three sex offender. The defendant appeals.
The County Court's assessment of 115 points was supported by clear and convincing evidence. We agree with the court's assessment of 20 points against the defendant under risk factor 7 (relationship with the victim) (see SORA: Risk Assessment Guidelines and Commentary at 12 [2006; hereinafter Guidelines]). The evidence before the court, which included the transcript of the second victim's grand jury testimony as well as the defendant's testimony at the SORA hearing, demonstrated that the defendant was a "stranger" to the victim within the meaning of SORA (see People v Serrano, 61 AD3d 946, 947). The fact that the second victim found the defendant inside of her home upon returning from bringing her son to school approximately a month before the defendant returned to her home and raped her, and that they may have encountered one another in a local pizzeria owned by a former neighbor of the victim where the defendant worked at some point, did not qualify the defendant as an "acquaintance" of that victim (see Guidelines at 12). We also agree with the court's assessment of 10 points against the defendant under risk factor 12 (acceptance of responsibility), as the defendant's testimony at the SORA hearing demonstrated that he did not genuinely accept responsibility for his conduct (see Guidelines at 15-16; People v Fields, __ AD3d ___, 2020 NY Slip Op 05062 [2d Dept]; see also People v Vega, 79 AD3d 718, 719).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the [*2]defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the County Court's determination denying the defendant's request for a downward departure from the presumptive risk level. The defendant's young age at the time of the first offense has been deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Adams, 174 AD3d 828, 829). Although advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d 762, 764-765), we agree with the court's determination that the defendant's age at the time of the SORA hearing, 46 years old, did not constitute an appropriate mitigating factor or result in an overassessment of the defendant's risk to public safety (see People v Bigelow, 175 AD3d 1443, 1444; People v Lewis, 173 AD3d 784, 785-786; People v Munoz, 155 AD3d 1068, 1069). Moreover, the defendant's contention that he exhibited an exceptional response to a sex offender treatment program that he successfully completed was not established by a preponderance of the evidence (see People v Santos, 174 AD3d 658, 659; see also People v Rubino, 178 AD3d 1104, 1104-1105; People v Eisenberg, 170 AD3d 1208, 1209; People v Santiago, 137 AD3d at 764).
Accordingly, we agree with the County Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court