People v Williams (2022 NY Slip Op 05877)

People v Williams

2022 NY Slip Op 05877

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-03836

[*1]People of State of New York, respondent, 
v
Elton Williams, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar M. O'Rourke and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated May 19, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 105 points on the risk assessment instrument, denied his request for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed him 20 points under risk factor 4 for a continuing course of sexual misconduct. The People presented clear and convincing evidence that the defendant engaged in two or more acts of sexual contact, at least one of which was an act of sexual intercourse, and the acts were separated in time by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]). Thus, the People met their burden of proof for the assessment of points under risk factor 4 (see People v Gomez, 204 AD3d 843, 845; People v Brown, 194 AD3d 861, 862; People v Lopez, 192 AD3d 1050, 1051; People v Eason, 192 AD2d 925, 926).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (see People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that his age and health conditions constituted mitigating factors warranting a downward departure from the presumptive risk level. Although advanced age and debilitating illness may constitute a basis for a downward departure (see Guidelines at 5), the defendant failed to establish that he suffered from either (see People v Paul, 168 AD3d 1004, 1005; People v Benoit, 145 AD3d 687, 688; People v Torres, 124 AD3d 744, 746).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court