People v Laskaris (2024 NY Slip Op 05360)

People v Laskaris

2024 NY Slip Op 05360

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-03998

[*1]The People of the State of New York, respondent, 
v
Timothy Laskaris, appellant. Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 15, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 75 points on the risk assessment instrument, rendering him a presumptive level two sex offender. The court denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure, since he failed to demonstrate the existence of a mitigating factor that tended to establish a lower likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d 841, 861; People v Samuels, 199 AD3d 1034, 1036-1037). When a defendant seeks a downward departure from the presumptive risk level, he or she has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Coley, 223 AD3d 758, 759 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Williams, 209 AD3d 889, 890; see People v Gillotti, 23 NY3d at 861).
Here, the defendant's remorse, acceptance of responsibility, and rehabilitation were circumstances that were adequately taken into account under the Guidelines (see Guidelines at 15-16). Accordingly, to the extent that the defendant relied upon these factors, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into [*2]account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861).
Although advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Dolan, 188 AD3d 729, 731; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d 762, 764-765), the Supreme Court providently exercised its discretion in determining that the defendant's age of 72 and purported health conditions did not result in an overassessment of the defendant's risk to public safety given, inter alia, that the defendant committed the underlying offense when he was 59 years old (see People v Wallason, 169 AD3d 728, 729; People v Rodriguez, 159 AD3d 842, 843; People v Benoit, 145 AD3d at 688). Moreover, the defendant failed to provide sufficient medical evidence to establish by a preponderance of the evidence that his purported health conditions and physical limitations were sufficient to reduce his risk of reoffending (see People v Felton, 175 AD3d 734, 735; cf. People v Sanchez, 186 AD3d 880, 882; People v Stevens, 55 AD3d 892, 894).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court